# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

JACK A. LOWE, )
)
      Petitioner, )
)
v. ) Case No. CIV 17-406-JHP-KEW
)
CARL BEAR, Warden, )
)
      Respondent. )

## OPINION AND ORDER

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus. (Dkt. 7). Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at Joseph Harp Correctional Center in Lexington, Oklahoma. He is attacking his convictions and sentences in two Adair County, Oklahoma, District Court Cases:

> **Case No. CF-97-166:** First Degree Rape by Instrumentation, After Former Conviction of Two Felonies, with a sentence of 200 years and one day of imprisonment.
>
> **Case No. CF-97-126:** First Degree Burglary (Count 1) with sentence of 20 years' imprisonment, and Lewd Molestation (Count 2) with a sentence of life imprisonment.

Petitioner raises three grounds for relief, however, he fails to explain the claims' connections to his separate convictions:

> **Ground I:** Due process and equal protection rights were violated by procedural bars and refusal to allow hearing.
>
> **Ground II:** State court proceedings violated mentally incompetent petitioner's rights under the Americans with Disabilities Act.
>
> **Ground III:** Criminal Appeals Court's orders are contrary to federal law and Supreme Court opinions, and the orders imposed punishment for his frivolous filings without evidence or trial.

**Case No. CF-97-166**

Petitioner's Judgment and Sentence in Case No. CF-97-166 was affirmed by the Oklahoma Court of Criminal Appeals (OCCA) on October 27, 1999, in Case No. F-98-998. (Dkt. 8-1). On October 16, 2000, he filed an application for post-conviction relief in the Adair County District Court, which was denied on October 31, 2000. (Dkt. 8-3). He did not appeal the denial.

On August 25, 2008, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging this conviction and sentence in the Western District of Oklahoma. (Dkt. 8-4). The petition was transferred to this Court which assigned it Case No. CIV 08-436-RAW-KEW and dismissed the action on January 14, 2010, as barred by the statute of limitations (Dkt. 8-5).[1]

On October 17, 2014, Petitioner filed in the Adair County District Court another application for post-conviction relief, challenging his conviction and sentence, along with several motions. (Dkts. 8-6, 8-8 at 1). On July 7, 2016, he filed in the Adair County District Court yet another application for post-conviction relief, combining claims that challenged his convictions and sentences in both Case No. CF-97-166 and Case No. CF-97-126, and reiterating claims from the 2014 post-conviction application. (Dkt. 8-7). On May 30, 2017, the state district court denied Petitioner's requests for relief. (Dkt. 8-8).

**Case No. CF-97-126**

Petitioner appealed his Judgment and Sentence in Case No. CF-97-126. On September 21, 2001, the OCCA affirmed the Judgment and Sentence for Count 1 in Case No. F-2000-897. (Dkt. 8-2). The Judgment for Count 2 was modified from Rape in the First

---

[1] Petitioner does not acknowledge this prior habeas corpus petition. He instead asserts "this-is-a-first" in response to the question on the petition form about second or successive applications. (Dkt. 1 at 10).

Degree by Instrumentation to Lewd Molestation. *Id.* Petitioner's sentence for Count 2 was modified from a 1,000-year sentence to life imprisonment to run consecutively with his 20-year sentence in Count 1. *Id.*

On July 29, 2003, Petitioner filed an application for post-conviction relief in the state district court, alleging ineffective assistance of trial and appellate counsel. The application was denied on October 12, 2004 (Dkt. 8-9), and on December 28, 2004, the OCCA affirmed the denial in Case No. PC-2004-862. (Dkt. 8-10).

On October 5, 2007, Petitioner filed a second post-conviction application, alleging his sentence was excessive and ineffective assistance of trial and appellate counsel. (Dkt. 8-11). The state district court denied the second application on May 2, 2008 (Dkt. 8-12), and the OCCA affirmed the denial on July 24, 2008, in Case No. PC-2008-505 (Dkt. 8-13).

As discussed above, Petitioner's third application for post-conviction relief in Case No. CRF-1997-126 was filed on July 7, 2016 (Dkt. 8-7). On May 30, 2017, the state district court denied the application (Dkt. 8-14).

**2017 Post-Conviction Appeal**

Despite the Adair County District Court's issuance of separate orders in each of Petitioner's cases, he combined his post-conviction appeals to the OCCA. After resolving several procedural issues, on September 29, 2017, the OCCA consolidated the cases in Case No. PC-2016-1156 and affirmed the district court's denial of post-conviction relief in both cases. (Dkt. 8-15). The OCCA also made these additional findings:

> Petitioner's brief before this Court, as well as his filings in the District Court, reflect a widespread disregard for accuracy or completeness in citing authorities and carelessness in ensuring the text is even legible. In those instances where he provides a legible citation that accurately represents an actual legal reference source, Petitioner frequently misrepresents what that legal authority states. Petitioner also repeatedly makes blanket assertions that are without any basis in the record. Such assertions are insufficient to demonstrate the legal error and prejudice necessary for appellate relief. *Smith*

3

> *v. State*, 157 P.3d 1155, 1164 (Okla. Crim. App. 2007); *Walton v. State*, 744 P.2d 977, 979 (Okla. Crim. App. 1987). Likewise the practice of simply citing legal authorities without providing any argument or explanation connecting them to specific portions of the record and a specific claim of error will be insufficient for relief on appeal. *Frederick v. State*, 37 P.3d 908, 923 (Okla. Crim. App. 2001). Because Petitioner's filings are rife with these practices, we find they represent a malicious disregard for the judicial process. . . .
>
> . . . Petitioner is found to be a prisoner who, while incarcerated, brought these appeals, and that such appeals are frivolous, malicious, or fail to present any claim for which relief might be granted by the Court. . . .

(Dkt. 8-15 at 12-13).

**Federal Habeas Corpus Petition**

In this habeas petition, Petitioner has combined his two criminal cases without separating the habeas issues for each. Although difficult to understand, the petition apparently concerns the OCCA's September 29, 2017, order denying post-conviction relief in both cases, alleging the order violated his due process and equal protection rights.

In Ground One, Petitioner alleges the OCCA's application of "procedural bars" and its refusal to grant him a hearing based on his "jurisdictional claims, <u>new</u> evidence, <u>new</u> witness claims, [and] <u>new</u> law claims" denied these rights. (Dkt. 1 at 5). In Ground Two, he alleges he is mentally incompetent, and the state court's processes violated the Americans with Disabilities Act, because the State's "procedures <u>and</u> processes [were] inadequate to protect [his] federal rights." *Id*. at 6. In Ground Three, Petitioner alleges without elaboration that the OCCA's order was contrary to federal law and Supreme Court opinions, and the OCCA retaliated against him by imposing punishment for his frivolous act "<u>without</u> evidence <u>or</u> trial <u>or</u> due process." *Id.* at 7.

Respondent alleges, among other things, that the petition should be dismissed for failure to state a cognizable habeas corpus claim. Construing the petition liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), Petitioner is seeking habeas corpus relief based on his claim

that during his post-conviction proceedings, the state courts failed to consider his claims on the merits, violated his rights under the Americans with Disabilities Act, and retaliated against him by finding his claims were frivolous. (Dkt. 1 at 6-8). He fails to allege any specific facts indicating his convictions or sentences are invalid.

"[N]o constitutional provision requires a state to grant post-conviction review." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987)). Consequently, Petitioner's claims which concern only "the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, . . . state[] no cognizable federal habeas claim." *Sellers*, 135 F.3d at 1339 (citations omitted). *See also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (challenge to state post-conviction procedures "fail[s] to state a federal constitutional claim cognizable in a federal habeas proceeding"); *Leonard v. Parker*, No. CIV-08-479-FHS, 2009 WL 1874101, at *1 (E.D. Okla. June 29, 2009) (unpublished) ("Because Petitioner is not entitled to a state post-conviction proceeding and state collateral proceedings do not constitute independent due process claims in a federal habeas action, Petitioner's claim for habeas relief is outside of a federal habeas proceeding unless he can demonstrate that his federal due process rights were violated."); *Seward v. Province*, No. CIV-07-195-RAW-KEW, 2007 WL 3113337, at *1 (E.D. Okla. Oct. 22, 2007) (unpublished) (dismissing the petitioner's claims related to the adequacy of Oklahoma's post-conviction procedures for failure to state a cognizable habeas corpus claim).

Furthermore, Petitioner's claim concerning the alleged violation of his rights under the Americans with Disabilities Act is "inappropriate for a habeas corpus case." *Seward*, 2007 WL 3113337, at *1. Therefore, the Court finds the petition must be dismissed for failure to state a cognizable federal habeas corpus claim.

**Certificate of Appealability**

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). He also has not "demonstrate[d] that reasonable jurists would find [this] court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, Petitioner should be denied a certificate of appealability.

**ACCORDINGLY,** Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus (Dkt. 7) is GRANTED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 19th day of April, 2019.

James H. Payne
United States District Judge
Eastern District of Oklahoma